873 F.2d 1396
 In re Alan C. NELSON, Commissioner of Immigration and
Naturalization Service Perry Rivkind, District Director,
Immigration and Naturalization Service, District Office No.
6; Thomas P. Fischer, District Director, Immigration and
Naturalization Service Regional Processing Facility for the
Southern Region; Immigration and Naturalization Service,
Department of Justice; Richard Norton, Associate
Commissioner for Examination, Immigration and Naturalization
Service; Raymond B. Penn, Assistant Commissioner
Legalization, Immigration and Naturalization Service;
Richard L. Thornburgh, Attorney General of the United
States; and United States Department of Justice, Petitioners.
 No. 88-6135.
 United States Court of Appeals,
Eleventh Circuit.
 May 3, 1989.
 
 David V. Bernal, Office Immigration Lit., Civ. Div., Washington, D.C., for petitioners.
 Ira J. Kurzban, Kurzban, Kurzban & Weinger, Miami, Fla., Cheryl Little, Haitian Refugee Center, Inc., Miami, Fla., Robert A. Williams, Florida Rural Legal Services, Inc., Immokalee, Fla., for respondents.
 Appeal from the United States District Court for the Southern District of Florida.
 Before RONEY, Chief Judge, VANCE, Circuit Judge, and KAUFMAN*, Senior District Judge.
 BY THE COURT:
 Petitioners seek a writ of mandamus to review the district court's order compelling them to grant Haitian Refugee Center, Inc., et al. (plaintiffs-appellees in No. 88-5934) access to files of applicants for Special Agricultural Worker ("SAW") status. Petitioners contend that the district court's order violates the confidentiality requirement embodied in section 210(b)(6) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1160(b)(6) (Supp.1986), which prohibits Justice Department officials from disclosing information from files of SAW applicants.
 
 
 1
 The legislative history of the confidentiality requirement indicates that Congress intended "to assure applicants that the legalization process is serious, and not a ruse to invite undocumented aliens to come forward only to be snared by INS." H.R.Rep. No. 99-682(I), 99th Cong., 2d Sess. 73, reprinted in 1986 U.S.Code Cong. & Admin.News 5649, 5677. There is no indication that Congress intended to prohibit disclosure of SAW application files in judicial proceedings. See St. Regis Paper Co. v. United States, 368 U.S. 208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 240 (1961) (courts should avoid construction "that would suppress otherwise competent evidence unless the statute, strictly construed, requires such a result"); Freeman v. Seligson, 405 F.2d 1326, 1351 (D.C.Cir.1968) ("where Congress has thought it necessary to protect against court use of records it has expressly so provided by specific language."). The district court's protective order restricting use of the information for purposes of discovery and trial preparation adequately ensures that disclosure will be limited to counsel and their assistants.
 
 
 2
 The petition for writ of mandamus is DENIED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation